**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| MICHAEL BEVANS, Individually and as Administrator of the Estate of Jodie Bevans,<br><br>Plaintiff,<br>vs.<br><br>RELIANCE STANDARD LIFE INSURANCE COMPANY and COTTAGE GROVE PLACE,<br><br>Defendants. | **COMPLAINT** |

Plaintiff states as follows:

### PARTIES, JURISDICTION, and VENUE

1. Plaintiff Michael Bevans is a citizen of the State of Iowa residing at all times material to this Complaint at 3397 64th Street, Palo, Benton County, Iowa 52324.

2. Plaintiff is the duly appointed Administrator of the Estate of Jodie Bevans, identified as Benton County Case No. ESPR009323.

3. Jodie Bevans ("Ms. Bevans") died on July 15, 2022, in Benton County, Iowa.

4. On that day, Ms. Bevans was tragically murdered in her home in Palo by Tacoa Talley and Samantha Barnes, and thus her death was ruled accidental.

5. At all times material to this Complaint, Plaintiff and Jodie Bevans were husband and wife.

1

6. Defendant Reliance Standard Life Insurance Company ("Reliance") is a foreign corporation organized under the laws of the State of Illinois with its home office and principal place of business located at 2001 Market Street, 15th Floor, Philadelphia, Pennsylvania 19103, and is a member of the Tokia Marine Group, who upon information and belief, is a corporation organized under the laws of New York, with its principal place of business located as 1221 Avenue of the Americas, Suite 1500, New York, New York 10020.

7. At all times material to this Complaint, Reliance was licensed to conduct business in the State of Iowa and did in fact issue one or more policies of insurance to a company located within the State of Iowa.

8. Defendant Cottage Grove Place ("Cottage Grove") is an Iowa business corporation with its principal place of business located in Cedar Rapids, Linn County, Iowa.

9. Plaintiff is a beneficiary under one or more Reliance insurance policies and/or a Reliance employer insurance plan ("the Plan") that insured the life of Ms. Bevans.

10. This action arises under the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. §1132(1), (e), (f), and (g), as this action involves a federal question that includes a claim by Plaintiff for equitable relief and for employee benefits under an employee benefit plan regulated and governed by ERISA.

11. Venue in the Northern District of Iowa is proper under 28 U.S.C. §1391(b) and 29 U.S.C. §1132(e)(2) as a substantial part of the events giving rise to Plaintiff's

claims have occurred here, as it is the district where Reliance plan was administered at all material times, and as the breaches of ERISA have occurred here. The Cedar Rapids Division is the proper division of this Court for this matter based upon the events related to this matter occurring in Benton County and Linn County, Iowa.

**COMMON FACTUAL ALLEGATIONS**

12. On or about July 27, 2021, Ms. Bevans was offered employment at Cottage Grove in Cedar Rapids, Iowa as a Licensed Practical Nurse.

13. Ms. Bevans accepted this job offer on or about August 3, 2021.

14. Ms. Bevans' effective hire date – her first day of work -- was August 9, 2021.

15. As part of her employment with Cottage Grove, and as a benefit of her employment, Ms. Bevans could elect to purchase voluntary term life insurance and accidental death and dismemberment insurance through Reliance under a policy identified as Policy #187351.

16. On or about September 8, 2021, Ms. Bevans became eligible to submit an application for insurance described in the preceding paragraph, with no medical underwriting.

17. Ms. Bevans applied for both voluntary term life insurance and accidental death and dismemberment insurance in a proper and timely manner on or before October 1, 2021.

18. Reliance received one or more applications for insurance from or on behalf of Ms. Bevans on or before October 1, 2021.

19. Plaintiff was identified as the beneficiary for Ms. Bevans through this process.

20. Reliance timely received and accepted Ms. Bevans' application for both voluntary term life insurance and accidental death and dismemberment insurance, effective October 1, 2021.

21. Reliance collected premiums for both voluntary term life insurance and accidental death and dismemberment insurance from Ms. Bevans without interruption from October 1, 2021 through July 15, 2022.

22. Plaintiff and/or the Estate of Jodie Bevans was a beneficiary of a policy and/or policies of insurance between Cottage Grove and Reliance.

23. Following the death of Ms. Bevans on July 15, 2022, claims for policy benefits under both the voluntary term life insurance and the accidental death and dismemberment insurance coverage were submitted to Reliance.

24. Reliance denied these claims and refused to pay benefits to the Plaintiff, despite benefits being due to him under the terms of the policy and/or policies of insurance.

25. Plaintiff and the Jodie Bevans Estate have exhausted the internal appeal remedies identified in the policy at issue and thus the matter is ripe for adjudication in this Court.

26. At all material times between August 2021 and July 2022, both Reliance and Cottage Grove were fiduciaries to Ms. Bevans and as such owed her certain duties, including but not limited to the duty of prudence in the administration of Ms. Bevans' eligibility and enrollment processes and the duty of loyalty, which

4

Case 1:23-cv-00084-MAR    Document 1    Filed 09/28/23    Page 4 of 8

encompasses the duty to deal fairly and honestly with all Plan members, including Ms. Bevans.

27. Both Reliance and Cottage Grove breached the various duties owed to Ms. Bevans as her fiduciaries.

28. In addition, Reliance breached its contract of insurance by denying said claims and refusing to pay benefits due to Mr. Bevans.

29. The breaches by Reliance and Cottage Grove as described herein is the cause of damage to Plaintiff and/or the Estate of Jodie Bevans in the amount of $200,000.00, i.e., the face amount of the insurance policy benefits due to Plaintiff as a result of the death of Ms. Bevans.

30. The breaches by Reliance and Cottage Grove as described herein are such that Plaintiff is alternatively entitled to equitable relief.

## COUNT I -- ERISA

31. Paragraph 1 through 30 are incorporated by reference.

32. At all times material hereto, Ms. Bevans was employed by Cottage Grove.

33. Cottage Grove offered a variety of employee benefits to Ms. Bevans shortly after she began her employment.

34. Cottage Grove's Plan included life insurance and accidental death and dismemberment benefits to its employees and/or Plan participants.

35. Ms. Bevans was a participant in the Plan at all material times, and Plaintiff was a beneficiary under the Plan.

36. Reliance insured the life insurance portion of the Plan through a group policy.

37. Cottage Grove collected, and Reliance received, insurance premiums from Ms. Bevans for her elected life insurance and accidental death and dismemberment insurance beginning on or about October 1, 2021.

38. Ms. Bevans paid all premiums due to Reliance for her elected life insurance and accidental death and dismemberment insurance coverage when due between October 1, 2021 and July 15, 2022.

39. Following the death of Ms. Bevans, Plaintiff applied for and/or claimed insurance proceeds due to him under the Plan in the amount of $200,000.00.

40. Reliance denied Plaintiff's application/claim.

41. Ms. Bevans complied with all Plan requirements to be enrolled for coverage under the Plan, effective October 1, 2021.

42. Alternatively, Ms. Bevans was led to believe by Cottage Grove and Reliance that she had complied with all Plan requirements to be enrolled for coverage under the Plan, and from October 1, 2021 through July 15, 2022, neither provided any information or reason to believe that she was <u>not</u> insured.

43. Before the death of Ms. Bevans, Reliance and Cottage Grove had a fiduciary duty to warn and advise Ms. Bevans regarding any issues that affected her coverage and her participation in the Plan as stated herein.

44. Ms. Bevans reasonably believed that by making premium payments pursuant to payroll deductions that she was validly enrolled in the life insurance and accidental death and dismemberment coverage and therefore did not take action to seek or obtain other such coverage.

45. Reliance has been unjustly enriched to Plaintiff's detriment by obtaining and keeping premium payments.
46. Reliance's denial of the claim and/or claims made for insurance proceeds following the death of Ms. Bevans was a violation of the Plan, a violation of ERISA and a breach of their fiduciary duties to Plaintiff and Ms. Bevans.
47. Plaintiff brings this action to recover benefits due pursuant to 29 U.S.C. §1132(a)(1)(B).
48. In addition, Plaintiff also brings this action for equitable relief pursuant to 29 U.S.C. §1132(a)(3).
49. Reliance should be held liable to the Plaintiff for the face amount of the life insurance policy and the accidental death and dismemberment policy as an equitable surcharge.
50. Reliance, by their acceptance of premiums, is equitably estopped from denying the valid existence of the life insurance policy and the accidental death and dismemberment policy.
51. Reliance, by their conduct, waived any requirement for any additional or different enrollment materials from Ms. Bevans or from any requirement for proof of good health.
52. Plaintiff is entitled to reformation of the life insurance policy and accidental death and dismemberment policy and injunctive relief reinstating Ms. Bevans as an insured and Plaintiff as a beneficiary under the Plan and the applicable policy and/or policies.

53. As a direct and proximate result of Reliance's actions and Cottage Grove's actions, Plaintiff has been forced to incur costs and attorney's fees, and under the terms of ERISA is entitled to be reimbursed by Reliance for the fees and costs incurred in bringing the instant action.

FOR THESE REASONS, Plaintiff respectfully requests that the Court enter judgment in his favor and/or in favor of the Estate of Jodie Bevans against Cottage Grove and/or Reliance for $200,000.00, plus Plaintiff's costs, disbursements, pre and post judgment interest and attorney's fees; in the alternative, Plaintiff requests the Court order Reliance to pay the proceeds of the life insurance and accidental death and dismemberment policies to Plaintiff in the amount of $200,000.00; in the alternative Plaintiff requests that the Court provide equitable relief for Reliance's breach of fiduciary duty, interest, attorney's fees and costs under ERISA, and for such other and further relief as the Court deems just and equitable under the circumstances.

Respectfully submitted,

DANIELS, HINES, KALKHOFF,
COOK & SWANSON, P.L.C.
*Attorneys for Plaintiff Michael Bevans,
Individually and as Administrator of the
Estate of Jodie Bevans*

BY: /s/ Chad A. Swanson
Chad A. Swanson, AT0007770
1205 Technology Pkwy.
Cedar Falls, IA 50613
(319) 260-4471
(319) 260-4499 FAX
Email: cswanson@duttonfirm.com